William H. Schrag, Esq.
THOMPSON HINE LLP
335 Madison Avenue, 12th Floor
New York, New York  10017-4611
Telephone:     (212) 344-5680
Facsimile:     (212) 344-6101

*Proposed Attorneys for Debtors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x
                                                               :
In re                                                          :
                                                               :    **Chapter 11**
**AGENT PROVOCATEUR, INC.,**                                   :    **Case No. 17-10987**
                                                               :
                                                               :
            Debtor.                                            :
                                                               :
Fed. Tax Id. No. 95-4799441                                    :
--------------------------------------------------------------x
                                                               :
In re                                                          :
                                                               :    **Chapter 1 1**
**AGENT PROVOCATEUR, LLC.,**                                   :    **Case No. 17-10989**
                                                               :
                                                               :
            Debtor.                                            :
                                                               :
Fed. Tax Id. No. 20-0800862                                    :
--------------------------------------------------------------x

**MOTION OF DEBTORS FOR ORDER DIRECTING
JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

Now come Agent Provocateur, Inc. and its affiliated debtor Agent Provocateur, LLC (each a "Debtor" and collectively, the "Debtors"), as debtors and debtors in possession in the within chapter 11 cases, to hereby move the Court, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of

1

Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order directing joint administration of the related chapter 11 cases (the "Motion"). In support of this Motion, the Debtors incorporate the declaration of Amanda Brooks (the "Brooks Declaration") filed contemporaneously herewith and respectfully state the following.

## JURISDICTION

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2). Bankruptcy Code section 105 and Bankruptcy Rule 1015(b) provide the bases for the relief requested herein.

## BACKGROUND

2. On April 11, 2017 (the "Petition Date"), the Debtors commenced the above-captioned cases under the Bankruptcy Code. Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtors are operating their businesses and managing their affairs as debtors in possession. The Debtors operate retail shops in New York and other areas of the country selling women's lingerie. The facts and circumstances giving rise to the filing of these cases are set forth in the Brooks Declaration. As of the date hereof, no trustee, examiner or committee has been appointed in these cases.

## RELIEF REQUESTED

3. Pursuant to Bankruptcy Rule 1015(b), the Debtors request entry of an order directing joint administration of these chapter 11 cases for procedural purposes only.

4. The Debtors request that the Court maintain one file and one docket for all of the jointly administered cases under the following caption:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**In re**                                       :
                                                :    **Chapter 11**
**AGENT PROVOCATEUR, INC.,** *et al.,*          :    **Case No. 17-10987**
                                                :    **Jointly Administered**
                                                :
             **Debtors.**                       :
-----------------------------------------------------------------x

5. The Debtors further request the Court's direction that a notation substantially similar to the following language be entered on the dockets both Debtors' chapter 11 cases to reflect the joint administration of these chapter 11 cases:

> An Order has been entered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of Agent Provocateur, Inc. and Agent Provocateur, LLC.
>
> The docket in Case No. 17-10987 should be consulted for all matters affecting the cases.

6. A proposed form of order granting the relief requested herein on a final basis is attached hereto as <u>Exhibit A</u> (the "Proposed Order").

## BASIS FOR RELIEF REQUESTED

7. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by a debtor and an affiliate, "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" within the meaning of section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

8. Joint administration will permit the Clerk of the Court to use a single docket for the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration will therefore ease the burden on the United States Trustee in supervising these bankruptcy cases.

9. Joint administration will yield significant cost savings and avoid duplicative and potentially confusing filings by permitting counsel for the Debtors and for parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file papers in one case rather than in multiple cases.

10. Joint administration will not prejudice creditors or other parties in interest of the Debtors because joint administration is purely procedural and is not intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

## **NOTICE**

11. Notice of this Motion has been served on (i) the Office of the United States Trustee for Region 2; (ii) all parties registered to receive notice via the Court's ECF system and all parties who have requested notice of pleadings and filings in these cases; (iii) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (iv) the Internal Revenue Service; and (v) the United States Attorney's Office for the Southern District of New York. The Debtors submit, and they request that any Order approving this Motion provide, that in light of the nature of the relief requested, such notice is sufficient and no other or further notice need be given.

## **NO PRIOR REQUEST**

12. No previous request for the relief sought herein has been made by the Debtors to

this or any other court.

      WHEREFORE the Debtors respectfully request (i) entry of an Order, in a substantially similar form as that shown on the Proposed Order, granting the relief requested herein; and (ii) such other and further relief as the Court may deem just and appropriate.

Dated: April 11, 2017  
New York, New York

Respectfully submitted,

**THOMPSON HINE LLP**

By: /s/   William H. Schrag  
      William H. Schrag  
335 Madison Avenue, 12th Floor  
New York, New York 10017-4611  
Telephone: (212) 344-5680  
Facsimile:  (212) 344-6101  
Email:  William.Schrag@ThompsonHine.com

-and-

Alan R. Lepene, *Pro Hac Admission Pending*  
Andrew L. Turscak, Jr., *Pro Hac Admission Pending*  
James J. Henderson, *Pro Hac Admission Pending*  
3900 Key Center, 127 Public Square  
Cleveland, OH 44114  
Phone: 216-566-5500  
Fax:  216-566-5800  
Alan.Lepene@ThompsonHine.com  
Andrew.Turscak@ThompsonHine.com  
James.Henderson@ThompsonHine.com

*Proposed Attorneys for the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | |
| | Chapter 11 |
| AGENT PROVOCATEUR, INC., | Case No. 17-10987 |
| Debtor. | |
| Fed. Tax Id. No. 95-4799441 | |

| | |
|---|---|
| In re | |
| | Chapter 1 1 |
| AGENT PROVOCATEUR, LLC., | Case No. 17-10989 |
| Debtor. | |
| Fed. Tax Id. No. 20-0800862 | |

**ORDER PURSUANT TO FED. R. BANKR. P. 1015(b)**
**JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

Upon the Motion (the "Motion") of Agent Provocateur, Inc. and its affiliated debtor Agent Provocateur, LLC (each a "Debtor" and collectively, the "Debtors"), as debtors and debtors in possession in the within chapter 11 cases, pursuant to section 105(a) and of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order directing joint administration of the related chapter 11 cases for procedural purposes only, as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the

6

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon declaration of Mandy Brooks (the "Brooks Declaration") filed contemporaneously with the Motion, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their respective estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. The Debtors' chapter 11 cases are hereby consolidated for procedural purposes only and shall be jointly administered by the Court.

3. Nothing in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of the Debtors' chapter 11 cases.

4. The caption of the jointly administered cases shall appear as shown below.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**In re**                                          :
                                                   :    **Chapter 11**
**AGENT PROVOCATEUR, INC.,** *et al.,*             :    **Case No. 17-10987**
                                                   :    **Jointly Administered**
                                                   :
               **Debtors.**                        :
-----------------------------------------------------------------x

     5.     A docket entry shall be made in the chapter 11 cases of Agent Provocateur, Inc. and Agent Provocateur, LLC, substantially as follows:

> An Order has been entered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of Agent Provocateur, Inc. and Agent Provocateur, LLC.
>
> The docket in Case No. 17-10987 should be consulted for all matters affecting the cases.

     6.     The Debtors are authorized to take all action necessary to carry out this Order.

     7.     This Court shall retain jurisdiction to hear and determine all matters arising from and related to the implementation, interpretation, and/or enforcement of this Order.

Dated: April 11, 2017
       New York, New York

                                                                        UNITED STATES BANKRUPTCY JUDGE