UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                              :
                                                                   :    **Chapter 11**
**AGENT PROVOCATEUR, INC.,** *et al.,*        :    **Case No. 17-10987 (MEW)**
                                                                   :    **Jointly Administered**
                                                                   :
                              **Debtors.**            :
------------------------------------------------------------------x

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363, AND 364 (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE USING THEIR EXISTING CASH MANAGEMENT SYSTEM, BANK ACCOUNTS, AND BUSINESS FORMS; (B) IMPLEMENT CHANGES TO THE CASH MANAGEMENT SYSTEM; AND (C) CONTINUE UTILIZING PREPETITION FORMS OF PAYMENT; (II) AUTHORIZING AND DIRECTING DEBTORS' FINANCIAL INSTITUTIONS TO (A) SERVICE DEBTORS' BANK ACCOUNTS; (B) HONOR THE DEBTORS' ORDER OF PAYMENTS; AND (C) PAY FEES INCURRED WITH RESPECT TO THE CASH MANAGEMENT SYSTEM; AND (III) SETTING A FINAL HEARING**

Upon consideration of the motion [D.E. # 8] (the "Motion") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 105(a), 363, and 364 of the Bankruptcy Code,[1] for an interim order (i) authorizing the Debtors to utilize their existing Cash Management System, including maintaining and utilizing their current Bank Accounts; (ii) authorizing the Debtors to make changes to the current Cash Management System in the ordinary course of operating their business; (iii) authorizing and directing the Debtors' financial institutions to maintain and service their bank accounts, honor the Debtors' order of payments without further authorization from the Court, and debit the Debtors' bank accounts for fees incurred; (iv) authorizing the Debtors to use their existing Business Forms without the designation that the Debtors are operating as debtors-in-possession; and (v) authorizing the Debtors to continue

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

utilizing any form of payment utilized in the ordinary course of their prepetition business operations, including the use of debit, wire, and ACH payments, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated January 31, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant 28 U.S.C § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and upon the Declaration of Amanda Brooks filed contemporaneously with the Motion; and the Court having found and determined that the relief requested by the Motion and granted herein is necessary to avoid immediate harm to the Debtors and their bankruptcy estates as contemplated by Bankruptcy Rule 6003; and the Court having further found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

      IT IS HEREBY ORDERED THAT:

      1.      The Motion is GRANTED on an interim basis to the extent set forth herein.

      2.      The requirements of Bankruptcy Rule 6003(b) have been satisfied.

      3.      Notice of the interim relief sought has been sufficient for purposes of Bankruptcy Rule 6004.

      4.      The final hearing (the "Final Hearing") on the Motion shall be held on May 16, 2017, at 2:00 pm, prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on May 10, 2017, and shall be served on: (i) proposed counsel to the Debtors; (ii) the U.S. Trustee; (iii) counsel to

any official committee appointed in the above-captioned chapter 11 cases; (iv) each Bank identified on Exhibits A and B of the Motion; and (v) any other Bank or party-in-interest that has appeared in the above-captioned chapter 11 proceedings. In the event that no objections to entry of the Final Order on the Motion are timely received, rhea Court may enter such Final Order without holding the Final Hearing.

5. The Debtors are hereby authorized, but not directed, pursuant to sections 105(a), 363 and 364 of the Bankruptcy Code, to continue using their Cash Management System, as more fully described in the Motion, including the collection, concentration and disbursement of cash in accordance therewith.

6. The Debtors are further authorized, but not directed, pursuant to sections 105(a), 363 and 364 of the Bankruptcy Code, to implement any changes to the Cash Management System in the ordinary course of business, including, without limitation, the opening of any new bank accounts or the closing of any of the existing Bank Accounts (as defined herein) as they many deem necessary and appropriate in their sole discretion, provided that (i) any new account is with a bank that meets the Guidelines set forth by the Office of the United States Trustee for the Southern District of New York; and (ii) the Debtors provide notice to the U.S. Trustee of the opening of any new bank account.

7. The relief, rights, and responsibilities provided herein shall be deemed to apply to any all bank accounts maintained by the Debtors (collectively, the "Bank Accounts" and each a "Bank Account"), regardless (subject to paragraph 9 below) of whether such bank accounts are (i) identified on Exhibits A and B to the Motion; or (ii) existing and open at the time of the entry of this Interim Order.

8. The Debtors are further authorized to (i) continue to use, with the same account numbers and account holder names, all of the Bank Accounts in existence at the time of the Petition Date, regardless (subject to paragraph 9 below) of whether such bank accounts are identified on Exhibits A and B to the Motion; (ii) treat such Bank Accounts for all purposes as accounts of the Debtors as debtors-in-possession; (iii) use, in their present form, all Business Forms, without reference to the Debtors' status as debtors-in-possession; provided, however, that the Debtors will make reasonable best efforts to include a reference to their status as debtors in possession on their Business Forms and, to the extent the Debtors obtain new Business Forms, the Debtors will identify their status as "Debtors in Possession" on such new Business Forms.

9. For an account(s), if any, not identified on Exhibits A and B to the Motion that is later identified or discovered by the Debtors (such account referred to herein as a "Non-Disclosed Account"), within five days of discovering or identifying such Non-Disclosed Account, the Debtors shall notify the Office of the United States Trustee of the existence and identity of such account(s), and if any one or more of such accounts is not an authorized depository, the Debtors shall transfer funds in such Non-Disclosed Account(s) to an authorized depository within thirty days of the discovery of the Non-Disclosed Account(s), without prejudice to an extension to make such transfer beyond thirty days of discovery upon written consent of the Office of the United States Trustee.

10. Except as otherwise provided in this Interim Order, all banks at which the Bank Accounts are maintained (collectively, the "Banks" and each a "Bank") are authorized and directed to continue to service and maintain the Bank Accounts as accounts of the Debtors as debtors-in-possession, without interruption and in the ordinary course business, and to receive, honor, and process, including for payment, any and all checks, wires, ACH payments, debits and other forms

of payment or draws made by the Debtors and drawn on the Bank Accounts after the Petition Date; provided, however, that the Banks (i) are not required to honor or process any payments or draws for which the Debtors do not have sufficient funds standing to their credit at such Bank; and (ii) shall not honor or process any payment issued, drawn or made prior to the Petition Date absent direction of the Debtors and a separate order of this Court authorizing the same.

11. The Banks are authorized to charge, and the Debtors are authorized to pay and honor, both prepetition and post-petition service and other fees, costs, charges, and expenses to which the Banks may be entitled under the terms of and in accordance with their contractual arrangements with the Debtors, which contractual arrangements shall continue to govern the postpetition cash management relationship between the Debtors and the Banks; provided, however, that the pre-petition fees, costs, charges and expenses paid pursuant to this Interim Order shall not exceed $3,000.00 in the aggregate. Debtors or the Banks may, without further Order of this Court, implement non-material changes to the cash management systems and procedures in the ordinary course of business pursuant to terms of the certain existing deposit agreements, including, without limitation, the opening and closing of bank accounts.

12. The Banks are authorized to debit the Debtors' Bank Accounts in the ordinary course of business without the need for further order of the Court for: (i) all checks drawn on such accounts that were cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; and (ii) all checks or other items deposited in the Debtor's accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date.

13. Each of the Banks is authorized to rely on the representations of the Debtors, without the need or duty for any further inquiry or order of this Court, as to the appropriateness of any check, wire, ACH payment, debit or other form of payment, whether in electronic or other form, issued, requested or drawn by the Debtors under the authority granted to them by the Bankruptcy Code or any order of this Court, including whether any check or payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order. Any Bank relying on such representations or request of the Debtors shall not be liable to any party for a payment or other draw made from Debtors' Bank Account in conformity with, and based upon, such representation or request.

14. The Debtors' credit and debit card providers are authorized and directed to transfer all credit card receivables payable to the Debtors, whether arising before or after the Petition Date, net of any pre- or post-petition service charges or fees to which they are entitled under their contractual agreements with the Debtors; provided that pre-petition service charges or fees shall be subject to and part of the aggregate $3,000.00 cap described in paragraph 11.

15. As soon as practicable after entry of this Interim Order, the Debtors shall serve a copy of this Interim Order on each Bank at which either Debtor has a Bank Account.

16. Nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.

17. Nothing in the Motion or this Interim Order shall be construed, whether on an interim or final basis, as (i) an admission or adjudication as to the validity of any claim against the Debtors; (ii) a waiver of any right or defense of the Debtors; or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

18. This Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; provided, however, that the Court's ultimate disposition of the Motion on a final basis shall not create liability, impair or otherwise affect any action taken in accordance with and pursuant to this Interim Order.

19. The Debtors are authorized to take any action necessary to carry out this Interim Order.

20. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

21. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation and enforcement of this Interim Order.

IT IS SO ORDERED.

Dated: May 6, 2017
New York, New York               **s/Michael E. Wiles**
                                 UNITED STATES BANKRUPTCY JUDGE

Respectfully submitted,

*/s/ James J. Henderson*
James J. Henderson (0084385)
**THOMPSON HINE LLP**
3900 Key Tower
127 Public Square
Cleveland, Ohio 44114
(216) 566-5500 *Telephone*
(216) 566-5800 *Facsimile*
James.Henderson@ThompsonHine.com

7

*One of the Proposed Attorneys for Debtors and
Debtors in Possession*

17-10987-mew    Doc 37    Filed 04/19/17    Entered 04/19/17 17:34:17    Main Document
Pg 8 of 8

*One of the Proposed Attorneys for Debtors and
Debtors in Possession*