UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                         :
                                                              :    **Chapter 11**
**AGENT PROVOCATEUR, INC.,** *et al.*,                        :    Case No. 17-10987 (MEW)
                                                              :    Jointly Administered
                                                              :
                            **Debtors.**                      :
------------------------------------------------------------x

**INTERIM ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 363(b), 507(a), 541, 1107(a) AND 1108, AUTHORIZING DEBTORS, INTER ALIA, TO PAY PREPETITION WAGES, COMPENSATION, AND EMPLOYEE BENEFITS**

Upon consideration of the motion [D.E. # 9] (the "Motion") of the above captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order under Bankruptcy Code sections 105, 363(b), 507(a), 541, 1107(a) and 1108 authorizing, but not directing, the Debtors to pay prepetition wages, compensation and employee benefits as set forth therein; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding under 28 U.S.C. § 157(b)(2); and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; capitalized terms used in this Order and not defined herein have the respective meanings given them in the Motion; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED on an interim basis to the extent set forth herein.

2. The Debtors shall be and hereby are authorized to pay (including to any third parties that provide or aid in the monitoring, processing or administration of the Prepetition Employee Obligations), in their sole discretion, the Employee Obligations, including but not limited to Employee Wage Claims, up to the limit set forth in 11 U.S.C. § 507(a)(4), Employee Benefit Obligations, up to the limit set forth in 11 U.S.C. § 507(a)(5), Workers' Compensation Obligations, and Employer Taxes, as and when such obligations are due, upon entry of this order; provided however, that for the reasons stated on the record at the hearing on the Motion, in no event shall any payments to any employee exceed the statutory caps in 11 U.S.C. §§ 507(a)(4) and (a)(5); and provided further that no Employee Expense Obligations shall be paid during period covered by this interim Order.

3. The Debtors shall be and hereby are authorized, in their sole discretion, to honor and continue their Employee Benefit Obligations that were in effect as of the Petition Date; provided, however, that such relief shall not constitute or be deemed an assumption or an authorization to assume any of such Employee Benefit Obligations, including, policies, plans or programs under Bankruptcy Code section 365(a).

4. The Debtors' banks shall be and hereby are authorized to receive, process, honor and pay, upon the Debtors' instructions, those pre and postpetition checks and fund transfers on account of the Employee Obligations that had not been honored and paid as of the Petition Date and that the Debtors have elected to pay pursuant to the authority of this Order, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

5. The Debtors' banks shall be and hereby are prohibited from placing any holds on, or attempting to reverse, any automatic transfers to any account of an Employee or other party for

Employee Obligations, provided that sufficient funds are on deposit in the applicable accounts to cover such transfers.

6.  The Debtors are authorized to issue new postpetition checks or effect new postpetition fund transfers on account of the Employee Obligations to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

7.  The Debtors may pay any withholding, including social security, FICA, federal and state income taxes, garnishments, health care payments, retirement fund withholding and other types of withholding, whether these relate to the period prior to the date of the Debtors' chapter 11 filings or subsequent thereto. Any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Order.

8.  Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors pursuant to the relief) shall (a) be construed as a request for authority to assume any executory contract under 11 U.S.C. § 365; (b) waive, affect or impair any of the Debtors' rights, claims or defenses, including, but not limited to, those arising from Bankruptcy Code section 365, other applicable law and any agreement; (c) grant third-party beneficiary status or bestow any additional rights on any third party; or (d) be otherwise enforceable by any third party.

9.  Authorizations given to the Debtors in this Order empower but do not direct the Debtors to effectuate the payments specified herein, the Debtors retaining the business judgment to make or not make said payments, and in all instances subject to the condition that funds are available to effect any payment, and in no event shall any person (Debtor, officer, director or

3

otherwise) be personally liable for any amounts authorized for payment herein but not paid. This paragraph 9 does not apply to the payment of trust fund taxes.

10. Any objection to the relief requested in the Motion on a permanent basis must (a) be filed in writing with the Court, at One Bowling Green, New York, New York 10004-1408, by 4:00 p.m. (New York time) on the date that is 21 days after the entry of this Interim Order (the "Objection Deadline") and (b) served so as to be actually received by the following parties by the Objection Deadline: (i) the Office of the United States Trustee, (ii) proposed counsel to the Debtors, Thompson Hine LLP, (iii) counsel for any postpetition lender approved in these cases, and (iv) counsel for any official committee of unsecured creditors appointed in these cases.

11. If any timely objections are received, a hearing shall be held to consider such objections On May 16, 2017, at 2:00 pm, prevailing Eastern Time. This Order shall remain in effect until such hearing. If no objections are timely filed and served as set forth herein, this interim Order shall be deemed a final Order with no further notice or opportunity to be heard afforded to any party.

12. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

IT IS SO ORDERED.

Dated: April 19, 2017
New York, New York

                                        **s/Michael E. Wiles**
                                        UNITED STATES BANKRUPTCY JUDGE

Respectfully submitted,

*/s/ James J. Henderson*
James J. Henderson (0084385)
**THOMPSON HINE LLP**
3900 Key Tower
127 Public Square
Cleveland, Ohio 44114
(216) 566-5500 *Telephone*
(216) 566-5800 *Facsimile*
*James.Henderson@ThompsonHine.com*

*One of the Proposed Attorneys for Debtors and
Debtors in Possession*