William H. Schrag, Esq.
THOMPSON HINE LLP
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
Telephone:   (212) 344-5680
Facsimile:    (212) 344-6101

*Proposed Attorneys for Debtors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
| | |
|---|---|
| In re : | |
| : | **Chapter 11** |
| **AGENT PROVOCATEUR, INC.,** *et al.,*[1] : | **Case No. 17-10987 (MEW)** |
| : | **Jointly Administered** |
| : | |
| **Debtors.** : | |

----------------------------------------------------------------x

**DEBTORS' OMNIBUS MOTION FOR ORDER AUTHORIZING THEM TO REJECT CERTAIN UNEXPIRED LEASES OF REAL PROPERTY *NUNC PRO TUNC* TO THE DATE OF THIS FILING**

**YOU SHOULD CAREFULLY REVIEW THIS MOTION AND THE ATTACHED**

**EXHIBIT A AND LOCATE YOUR NAME AND LEASE INFORMATION.**

***

Now come Agent Provocateur, Inc. and its affiliated debtor Agent Provocateur, LLC (the "Debtors"), as debtors and debtors in possession in the within jointly administered chapter 11 cases, to hereby move the Court, pursuant to sections 105(a) and 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 6006(a) (the "Bankruptcy Rules"), for entry of an order authorizing the Debtors to reject, on an omnibus

---

[1] The Debtors in these two chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Agent Provocateur, Inc. (9441) and Agent Provocateur, LLC (0862).

basis, the unexpired leases of real property (the "Leases") identified on <u>Exhibit A</u>[2] to this Motion, *nunc pro tunc* to the date of the filing of this Motion. In support of the Motion, the Debtors incorporate the declaration of Amanda Brooks (the "Brooks Declaration") filed on April 11, 2017 and respectfully state the following.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2). Bankruptcy Code sections 105 and 365 and Bankruptcy Rule 6006(a) provide the statutory bases for the relief requested herein.

## BACKGROUND

2. On April 11, 2017 (the "Petition Date"), the Debtors commenced the above-captioned cases under the Bankruptcy Code. Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtors are operating their businesses and managing their affairs as debtors in possession. The Debtors operate retail shops in New York and other areas of the country selling women's lingerie. The facts and circumstances giving rise to the filing of these cases are set forth in the Brooks Declaration. As of the date hereof, no trustee, examiner or committee has been appointed.

3. Prior to the Petition Date, the Debtors' parent company, Agent Provocateur Limited (the "Parent"), was placed into administration under the insolvency laws of the United Kingdom. To consummate a sale of the Parent's operating assets, on March 1, 2017, the Parent selected AlixPartners as joint administrator (the "UK Administrator"). On March 2, 2017, the

---

[2] To the extent the agreements related to those locations listed on <u>Exhibit A</u> and identified as "Concession Locations*" do not constitute real property leases—but are instead executory contracts—the Debtors, in the exercise of their reasonable business judgment—seek to similarly reject these agreements based on the identical legal and factual bases set forth in this Motion.

2

UK Administrator completed a sale of the Parent's business and assets to a company within the Four Marketing Group. The sale did not include any of the Parent's subsidiaries, including the Debtors herein.

4. Before the sale, the Parent had provided the intellectual property, including the Agent Provocateur trademarks, to the U.S. companies (*i.e.*, the Debtors). Up until that time, the U.S. companies also had relied on their Parent to supply inventory for sale in their stores. Following the sale, the Parent remains under the control of the Administrator, and Four Marketing Group—through its affiliated entities, Agent Provocateur IP Limited and Agent Provocateur Limited—has continued to operate the Agent Provocateur UK business.

5. After the sale of the Parent's operating assets, and the subsequent administration of the Parent, the U.S. companies were left stranded, and they were about to close all their stores as a result of their inability to use the Parent's intellectual property, as well as their inability to secure any additional merchandise from the Parent for sale to consumers.

6. Unable to maintain viable operations, the Debtors were on the verge of an immediate shutdown; however, as they were about to file petitions under chapter 7 of the Bankruptcy Code, an affiliate of Four Marketing Group came forth with a proposal to purchase twelve of their remaining stores and to fund ongoing operations, to the extent necessary during these bankruptcy cases, in order to consummate the sale.

7. The prospect of preserving a portion of the U.S. operations compelled the Debtors to file these chapter 11 cases rather than resort to a chapter 7 liquidation. Meanwhile, a number of their stores (*i.e.*, those which the prospective buyer does has no interest in purchasing) have closed in recent days and weeks.

8.      Prior to the Petition Date, the Debtors, in the ordinary course of their businesses, entered into the Leases with the respective lessors listed on <u>Exhibit A</u> (the "Lessors").  Because the prospective purchaser only proposes to purchase twelve of the Debtors' stores and the stores associated with the Leases are closed, there is no longer any value associated with keeping the Leases.[3]  Therefore, the Debtors, in the exercise of their reasonable business judgment, desire to reject them, effective as of the date of the filing of this Motion.

**RELIEF REQUESTED AND THE REASONS THEREFOR**

13.     By this Motion, the Debtor seeks permission, under section 365(a) of the Bankruptcy Code, to reject the Leases.

14.     Under Bankruptcy Code section 365(a), a debtor may, subject to court approval, "assume or reject any executory contract or unexpired lease" 11 U.S.C. § 365(a).  The purpose of allowing assumption or rejection of agreements is to enable a debtor to use valuable estate property, as well as to "renounce title to and abandon burdensome property." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993).  A debtor's right to certain contracts is "fundamental to the bankruptcy system because it provides a mechanism through which severe financial burdens may be lifted while the debtor attempts to reorganize." *Westbury Real Estate Ventures v. Bradlees, Inc. (In re Bradlees Stores, Inc.)*, 194 B.R. 555, 558 at n. 1 (Bankr. S.D.N.Y. 1996).  Section 365 permits a debtor, subject to approval of the bankruptcy court, to go through its inventory of agreements and "decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject." *Id*.

---

[3] Concurrent with the filing of this Motion, the Debtors are engaged in the process of evaluating the Leases to determine if any of them may be "below market" to such a degree that might warrant an assumption or assignment of one or more of the Leases in return for consideration of sufficient value to the estates.  In this regard, the Debtors reserve the right to withdraw this Motion as to one or more of the Leases.

15. Courts typically employ the "business judgment rule" to assess a debtor's decision to assume or reject an executory contract or unexpired lease. "The decision of a debtor in possession to assume or reject an unexpired lease is within the 'business judgment' of the debtor in possession, subject to court approval...." *Allied Technology, Inc. v. R.B. Brunneman & Sons*, 25 B.R. 484, 495 (Bankr. S.D. Ohio 1982). *See also In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992) (debtor may assume or reject unexpired lease in its business judgment).

16. The operation of a debtor's business "requires the exercise of reasonable judgment in ordinary business matters, including assumption or rejection under 11 U.S.C. § 365." *Allied Technology, Inc.*, 25 B.R. at 495. Court approval should not be withheld on the basis of a second guessing of the debtor's business judgment. *Id.* Accordingly, courts will honor the debtor's business judgment absent a determination that the debtor's decision to reject "is so manifestly unreasonable that it could not be based on sound business judgment, but only bad faith, or whim or caprice." *Lubrizol Enterprises v. Richmond Metal Finishers*, 756 F.2d 1043, 1047 (4th Cir. 1985). *See also In re Bradlees Stores, Inc.*, 194 B.R. at 558 at n. 1 (contract should be rejected if rejection will benefit the estate).

17. In this instance, the Debtors have concluded, for obvious reasons, that the Leases are no longer necessary to their operations. Indeed, they now lack any benefit and are only burdensome to the estates. By rejecting the Leases, the Debtors will eliminate further charges that would otherwise be incurred in connection with them.

18. For these reasons, the Debtors have determined that rejection of the Leases is in the best interests of their estates. Under the existing circumstances, the Debtors respectfully

submit that rejection of the Leases is an exercise of sound business judgment that should be approved.

## **NOTICE**

19. No trustee, examiner, or creditors' committee has been appointed in these chapter 11 cases. Notice of this Motion has been served on (i) the Office of the United States Trustee for Region 2; (ii) all parties registered to receive notice via the Court's ECF system and all parties who have requested notice of pleadings and filings in these cases; (iii) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (iv) the Internal Revenue Service; (v) the United States Attorney's Office for the Southern District of New York; and (vi) each of the Lessors identified on Exhibit A hereto. The Debtors submit, and they request that any Order approving this Motion provide, that in light of the nature of the relief requested, such notice is sufficient and no other or further notice need be given.

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order (i) approving this Motion and authorizing them to reject the Leases shown on Exhibit A, *nunc pro tunc* to the date of this Motion; and (ii) granting such other relief as may be just and appropriate.

Dated: April 28, 2017
New York, New York

Respectfully submitted,

THOMPSON HINE LLP

By: /s/   Andrew Turscak, Jr.             _
Alan R. Lepene
*Admitted Pro Hac Vice*
Andrew L. Turscak, Jr.
*Admitted Pro Hac Vice*
James J. Henderson
*Admitted Pro Hac Vice*
3900 Key Center, 127 Public Square
Cleveland, OH 44114
Phone: 216-566-5500
Fax:  216-566-5800
Alan.Lepene@ThompsonHine.com
Andrew.Turscak@ThompsonHine.com
James.Henderson@ThompsonHine.com

- and -

William H. Schrag
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
Telephone: (212) 344-5680
Facsimile:  (212) 344-6101
Email:  William.Schrag@ThompsonHine.com

*Proposed Attorneys for the Debtors*

# EXHIBIT A

**The Leases**

| *Name and Location* | *Address* |
|---|---|
| Ala Moana – Hawaii | Ala Moana Anchor Acquisition, LLC<br>1450 Ala Moana Blvd.<br>Space #2533<br>Honolulu, HI 96814 |
| Atlanta | CPI-PHIPPS LIMITED LIABILITY COMPANY<br>Phipps Plaza Mall<br>Level 1 Monarch Court<br>3500 Peachtree Road NE<br>Atlanta, GA 30326 |
| Bloomingdales BH | 8500 Beverly Boulevard<br>Los Angeles, CA 90048<br><br>Concession Location* |
| Bloomingdales SC Plaza | South Coast Plaza<br>3rd Floor, Intimate Apparel<br>3333 Bristol Street<br>Costa Mesa, CA 92626<br><br>Concession Location* |
| Bloomingdales SF | Bloomingdale's<br>845 Market St.<br>San Francisco, CA 94103<br><br>Concession Location* |
| Bloomingdales Soho | 504 Broadway<br>New York, NY 10012<br><br>Concession Location* |
| Boston | NEWBURY 123 INVESTMENT LLC<br>123 Newbury Street<br>Boston, MA 02116 |

| Chicago | G01NG PLACES, L.L.C.<br>1343 N. Wells Street, Rear Bldg.<br>Chicago, IL 60610<br>Attention: Commercial Real Estate Manager<br><br>47 East Oak Street<br>Chicago, IL 60610 |
|---|---|
| Coral Gables | MERRICK PARK LLC<br>Village of Merrick Park<br>360 San Lorenzo Ave<br>Suite 1502<br>Coral Gables FL 33146 |
| L'agent Elizabeth St. | Katherine Chou<br>259 Elizabeth St<br>New York, NY 10012 |
| Las Vegas Palazzo | The Shoppes at the Palazzo, LLC<br>Grand Canal Shoppes - The Palazzo<br>3327 Las Vegas Boulevard South<br>Suite 2742<br>Las Vegas Nevada 89109 |
| Manhasset, New York | FIFTH AVENUE OF LONG ISLAND REALTY ASSOCIATES, LLC<br>2110 Northern Blvd.<br>Manhasset, NY 11030<br><br>Americana Manhasset<br>2036 Northern Blvd.<br>Manhasset NY 11030 |
| Melrose Avenue | JOSIKO PROPERTIES, LLC<br>8503 Melrose Avenue<br>West Hollywood, CA 90069<br><br>7961 Melrose Avenue<br>Los Angeles, CA 90046 |
| Saks Beverly Hills | 9600 Wilshire Blvd.<br>Beverly Hills CA 90212<br><br>Concession Location* |

| | |
|---|---|
| Saks Houston | Saks Fifth Avenue<br>5175 Westheimer Rd.<br>Level 2, Intimates,<br>Houston, TX, 77056<br><br>Concession Location* |
| Saks New York | 611 5th Avenue<br>New York 10022<br><br>Concession Location* |
| Saks SC Plaza | Saks Fifth Avenue<br>South Coast Plaza<br>3333 Bristol St.<br>Costa Mesa, CA<br><br>Concession Location* |
| Short Hills | SHORT HILLS ASSOCIATES, L.L.C.<br>1200 Morris Tpke.<br>Short Hills NJ 07078 |