William H. Schrag, Esq.
THOMPSON HINE LLP
335 Madison Avenue, 12th Floor
New York, New York  10017-4611
Telephone:    (212) 344-5680
Facsimile:     (212) 344-6101

*Proposed Attorneys for Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
**In re**                                                       :
                                                                :      **Chapter 11**
**AGENT PROVOCATEUR, INC.,** *et al.,*[1]                       :      **Case No. 17-10987 (MEW)**
                                                                :      **Jointly Administered**
                                                                :
              **Debtors.**                                      :
----------------------------------------------------------------x

**DEBTORS' MOTION FOR ORDER AUTHORIZING THEM TO RETAIN
AMANDA BROOKS AS RETAIL SALES DIRECTOR ON AN
INDEPENDENT CONTRACTOR BASIS *NUNC PRO TUNC*
TO THE DATE OF THIS FILING**

Now come Agent Provocateur, Inc. and its affiliated debtor Agent Provocateur, LLC (the "Debtors"), as debtors and debtors in possession in the within jointly administered chapter 11 cases, to hereby move the Court, pursuant to sections 105(a), 363(b), 1107, and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order authorizing the Debtors to retain Amanda Brooks as retail sales director on an independent contractor basis to assist with all matters of estate administration (the "Motion"), *nunc pro tunc* to the date of this filing.  In support of this Motion, the Debtors incorporate the declaration of Ms. Brooks (the "Brooks Declaration") filed on April 11, 2017 and respectfully state the following.

---

[1] The Debtors in these two chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Agent Provocateur, Inc. (9441) and Agent Provocateur, LLC (0862).

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2). Bankruptcy Code sections 105, 363, 1107 and 1108 provide the statutory bases for the relief requested herein.

**BACKGROUND**

2. On April 11, 2017 (the "Petition Date"), the Debtors commenced the above-captioned cases under the Bankruptcy Code. Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtors are operating their businesses and managing their affairs as debtors in possession. The Debtors operate retail shops in New York and other areas of the country selling women's lingerie. The facts and circumstances giving rise to the filing of these cases are set forth in the Declaration. As of the date hereof, no trustee, examiner or committee has been appointed in these cases.

3. As recited in greater detail in the Declaration, Ms. Brooks is Global Retail Director for the Debtors and is familiar with the Debtors' business affairs, including their day-to-day operations, as well as their financial affairs and books and records.

4. Prior to the Petition Date, the Debtors' parent company, Pearl Group Limited f/k/a Agent Provocateur Limited (the "Parent"), was placed into administration under the insolvency laws of the United Kingdom.

5. Events leading to the UK administration began in August of last year, when it became apparent the Parent needed to restructure its operations. In December, Rothschild & Co. was retained to identify prospective buyers or investors. The marketing process culminated on February 16, 2017 with the submission of a number of offers from prospective purchasers. Each

12071564.4

offer was an offer to purchase assets (as opposed to equity interests in the Parent), and no offer provided sufficient consideration to satisfy all liabilities in full. As a result, a sale was necessitated by way of a pre-packaged administration under insolvency laws of the United Kingdom. To consummate the transaction, on March 1, 2017, the Parent selected AlixPartners as joint administrator (the "UK Administrator"). On March 2, 2017, the UK Administrator completed a sale of the Parent's business and assets to a company within the Four Marketing Group. The sale did not include any of the Parent's subsidiaries, including the Debtors herein.

6. Prior to the sale, the Parent had provided the intellectual property, including the Agent Provocateur trademarks, to the U.S. companies (*i.e.,* the Debtors). Up until that time, the U.S. companies also had relied on their Parent to supply inventory for sale in their stores. Following the sale, the Parent remains under the control of the Administrator, and Four Marketing Group—through its affiliated entities, Agent Provocateur IP Limited and Agent Provocateur Limited—has continued to operate the Agent Provocateur UK business.

7. Following the sale of the Parent's operating assets, and the subsequent administration of the Parent, the U.S. companies were left stranded, and they were about to shut down as a result of their inability to use the Parent's intellectual property, as well as their inability to secure any additional merchandise from the Parent for sale to consumers.

8. Left with no ability to maintain viable operations, the Debtors were on the verge of an immediate shutdown; however, as they were about to shut down and file petitions under chapter 7 of the Bankruptcy Code, an affiliate of Four Marketing Group came forth with a proposal to purchase a number of stores and to fund ongoing operations, to the extent necessary during these bankruptcy cases, in order to consummate the sale.

12071564.4

9. The prospect of preserving a portion of the U.S. operations compelled the Debtors to file these chapter 11 cases rather than to resort to a chapter 7 liquidation.

10. Since the sale of the Parent's assets on March 2, 2017, in addition to her role as director, Ms. Brooks has also provided transition services to the purchaser of the Parent's business and has received compensation in that role. More significantly, for purposes of this Motion, she has been the primary point person for all information needed to file these bankruptcy cases and to provide direction and decisions in connection with the Debtors' rights and responsibilities as debtors-in-possession. Her current arrangement with the Parent's purchaser is scheduled to terminate as of April 30, 2017, and she is set to receive no further compensation, apart from a deferred payment for services already rendered, after that date.

11. Needless to say, there are a number of ongoing activities during the course of the chapter 11 cases that require someone with the background, expertise, and authority to provide necessary information, as well as the capacity to make informed decisions regarding a number of matters that must be addressed.

12. The Debtors require the assistance of Ms. Brooks in order to exercise their rights and fulfill their responsibilities as debtors-in-possession, and they request that the Court authorize them to retain Ms. Brooks on the terms set forth herein for that purpose.

**REQUESTED RELIEF AND REASONS THEREFOR**

13. In order to assist with the operation of the Debtors' businesses in chapter 11, the Debtors require the ability to retain Ms. Brooks. As mentioned, Ms. Brooks has been the primary source of essential information, and she has also provided necessary direction and decision making authority on behalf of the Debtors. Her knowledge regarding the Debtors'

12071564.4

operations will be of vital assistance during this bankruptcy, and her absence or inability to continue to serve in this role would leave a void that would be extraordinarily difficult to fill.

14. Bankruptcy Code section 105(a) allows a court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Code section 363(c) allows a debtor to "enter into transactions…in the ordinary course of business, without notice of a hearing…." 11 U.S.C. § 363(c). Bankruptcy Code sections 1107 and 1108 generally allow a debtor to perform its functions and duties in operating its business. 11 U.S.C. §§ 1107(a), 1108.

15. The Debtors submit that while retaining Ms. Brooks to assist with operations would likely fall within the "ordinary course of business" for purposes of section 363(c), it is appropriate for them to submit this request for Court approval of the arrangement.

16. Ms. Brooks' institutional knowledge—both in terms of the overall industry and the Debtors' businesses in particular—will be of enormous value and assistance, and it will substantially reduce the burdens associated with identifying and retaining someone new to learn the Debtors' business by having the individual most familiar with it available to assist with accessing and providing needed information and operating the business to the extent necessary. In addition, this arrangement will tend to enhance and preserve the Debtors' estates and maximize value for creditors by reducing time and costs associated with hiring outside personnel to perform the same services.

17. The Debtors respectfully submit that the retention of Ms. Brooks on terms substantially similar to those set forth in the proposed agreement attached hereto on <u>Exhibit A</u> will enhance their ability to satisfactorily and optimally perform their statutory duties, to the ultimate benefit of the estates.

12071564.4

**NOTICE**

18. No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases. Notice of this Motion has been served on (i) the Office of the United States Trustee for Region 2; (ii) all parties registered to receive notice via the Court's ECF system and all parties who have requested notice of pleadings and filings in these cases; (iii) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (iv) the Internal Revenue Service; and (v) the United States Attorney's Office for the Southern District of New York. The Debtors submit, and they request that any Order approving this Motion provide, that in light of the nature of the relief requested, such notice is sufficient and no other or further notice need be given.

**CONCLUSION**

19. For the reasons set forth above, it would be appropriate and in the estates' best interests for the Debtors to be authorized to enlist the services of Ms. Brooks, as needed, to assist in the administration of these cases.

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order (i) approving this Motion; (ii) authorizing them to retain Ms. Brooks as an independent contractor on the terms shown on Exhibit A to assist for that purpose, *nunc pro tunc* to the date of this filing; and (iii) granting such other relief as may be just and appropriate.

Dated: April 28, 2017
New York, New York

Respectfully submitted,

THOMPSON HINE LLP

By: /s/   Andrew Turscak, Jr.         _
Alan R. Lepene
*Admitted Pro Hac Vice*
Andrew L. Turscak, Jr.
*Admitted Pro Hac Vice*
James J. Henderson
*Admitted Pro Hac Vice*
3900 Key Center, 127 Public Square
Cleveland, OH 44114
Phone: 216-566-5500
Fax:  216-566-5800
Alan.Lepene@ThompsonHine.com
Andrew.Turscak@ThompsonHine.com
James.Henderson@ThompsonHine.com

- and -

William H. Schrag
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
Telephone: (212) 344-5680
Facsimile:  (212) 344-6101
Email:  William.Schrag@ThompsonHine.com

*Proposed Attorneys for the Debtors*

12071564.4

# EXHIBIT A

**Proposed Agreement**

# INDEPENDENT CONTRACTOR AGREEMENT

This INDEPENDENT CONTRACTOR AGREEMENT (the "Agreement") is entered into and effective this 1st day of May 2017, by and between Agent Provocateur, Inc. and Agent Provocateur, LLC (the "Debtors"), Debtors in Bankruptcy Case No. 17-10987 (jointly administered), in the United States Bankruptcy Court for the Southern District of New York the "Bankruptcy Case"), and Amanda Brooks, an individual whose address is set forth on the signature page hereto (the "Contractor" and together with the Debtors, the "Parties").

### SECTION 1: ENGAGEMENT AND DUTIES

During the term of this Agreement, the Debtors hereby engage the Contractor to continue in her role, on an independent contractor basis, to provide services as identified and requested from time to time by the Debtors, including support and advisory assistance to the Debtors in connection with the Debtors' Bankruptcy Case.

### SECTION 2: TERM OF AGREEMENT

This Agreement shall commence as of the date written above, and shall be for such term as determined by the Parties in their discretion.

The Debtors or the Contractor may terminate this Agreement at any time and for any reason, or for no reason at all. Nothing contained in this Agreement requires the Debtors to engage the Contractor for any minimum period of time. Nothing contained in this Agreement requires the Contractor to provide services for the Debtors for any minimum period of time.

### SECTION 3: COMPENSATION AND BENEFITS

(a)     <u>Compensation</u>: The Debtors shall pay the Contractor a fee for services rendered hereunder in an amount of $300 per hour. In addition, the Debtors shall reimburse the Contractor for reasonable expenses incurred in connection with the rendition of services hereunder.

(b)     <u>Taxes</u>: The Contractor understands that she is solely responsible for paying any and all taxes with respect to amounts paid hereunder, and that the Debtors will not withhold through payroll deductions any taxes or other payments.

(c)     <u>Other Benefits</u>: The Contractor is not entitled to any benefits not expressly set forth in this Agreement, and the Contractor acknowledges that the Debtors are not responsible for workers' compensation, unemployment, or any other type of insurance for the Contractor.

### SECTION 4: RELATIONSHIP OF PARTIES

The Parties intend that an independent contractor relationship will be created by this Agreement. The Contractor is not an employee of the Debtors.

12071564.4

## SECTION 5:  COMPLIANCE WITH RULES

The Contractor agrees to abide by applicable laws and regulations and those policies, rules, and regulations established by the Debtors.

## SECTION 6:  HOLD HARMLESS PROVISION

The Contractor shall save and hold the Debtors harmless from and against any and all claims arising from the performance by the Contractor of the Contractor's duties pursuant to this Agreement.

The Debtors shall save and hold the Contractor harmless from and against any and all claims arising from the performance by the Debtors of their obligations pursuant to this Agreement.

## SECTION 7:  REPRESENTATIONS AND WARRANTIES BY THE CONTRACTOR

The Contractor represents and warrants that she is free to enter into this Agreement and perform the duties required hereunder, and that there are no employment contracts, agreements, restrictive covenants, or other restrictions preventing the Contractor from entering into this Agreement or performing her duties hereunder.

## SECTION 8:  MISCELLANEOUS

(a)    This Agreement shall inure to the benefit of and be binding upon the Parties and their respective successors, assigns, heirs, and personal representatives.  Notwithstanding the foregoing, this Agreement is a personal services contract and shall not be assignable by the Contractor.

(b)    The laws of the State of New York shall govern this Agreement without regard to its conflict of law rules.  If any provision of this Agreement is determined by a court of competent jurisdiction to be invalid or inoperative under law, the remaining provisions of this Agreement shall continue in full force and effect.

(c)    No waiver or modification of this Agreement shall be valid unless it is in writing and signed by the Contractor and by the Debtors.

(d)    The Contractor and the Debtors acknowledge that this Agreement embodies the entire agreement between them concerning the relationship of the Parties beginning on the date first stated above.  The Contractor further acknowledges that the Debtors have made no other representations, other than those set forth above, to induce the Contractor to agree to this Agreement, and the Contractor further acknowledges that the Contractor has not relied on any such representations.

(e)    The Contractor and the Debtors agree that any legal action relating to the construction or enforcement of this Agreement shall be brought solely in the Bankruptcy Court, and such court shall have sole and exclusive jurisdiction over all such matters.

IN WITNESS WHEREOF, the Parties execute this Agreement intending that it be effective as of the date set forth above.

**AGENT PROVOCATEUR, INC. AND**  **CONTRACTOR**
**AGENT PROVOCATEUR, LLC**

By: _____
      Agent Provocateur, Inc.          By: _____
                                                 Amanda Brooks
Date: _____

                                                 Address: _____
By: _____              _____
      Agent Provocateur, Inc.                       _____

Date: _____          Date: _____