Hearing Date and Time:  June 20, 2017, at 10:00 a.m. (Eastern)
Objection Deadline:  June 13, 2017 at 4:00 p.m. (Eastern)

Paul J. Labov (NY #PL8111)
FOX ROTHSCHILD LLP
101 Park Avenue, Suite 1700
New York, NY 10017
Telephone: (212) 878-7900
Facsimile: (212) 692-0940
E-Mail: *plabov@foxrothschild.com*

-and-

Mette H. Kurth (CA #187100)
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Telephone: (310) 228-4402
Facsimile: (310) 556-9828
E-Mail: *mkurth@foxrothschild.com*

*Proposed Counsel to the Official Committee of
Unsecured Creditors*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>    AGENT PROVOCATEUR, INC., *et al.*,<br><br>                              Debtors. | Chapter 11<br>Case No. 17-10987<br>Jointly Administered |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS PURSUANT TO 11 U.S.C. §§ 328(A) AND 1103(A) AND
BANKRUPTCY RULES 2014(A) AND 2016(B) FOR AUTHORITY TO EMPLOY AND
RETAIN FOX ROTHSCHILD LLP AS COUNSEL *NUNC PRO TUNC* TO MAY 5, 2017**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-

captioned jointly administered cases files this application (the "Application") pursuant to

Bankruptcy Code sections 328(a) and 1103(a) and Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") 2014(a) and 2016(b).  This Application seeks authority to employ and retain

Fox Rothschild LLP ("Fox") as counsel for the Committee *nun pro tunc* to May 5, 2017.  In support

of the Application, the Committee represents as follows:

## BACKGROUND

1.       On April 11, 2017, the above-captioned debtors (the "Debtors") filed voluntary

petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court

for the Southern District of New York (the "Court").  No trustee has been appointed, and the

Debtors continue to operate their businesses and manage their affairs as debtors in possession

pursuant to Bankruptcy Code sections 1107(a) and 1108.

2.       On May 4, 2017, the Office of the United States Trustee for the Southern District

of New York appointed the following three members to the Committee: China National Consumer

Electrics & Electronics Import & Export Corp.; GGP Limited Partnership; and Simon Property

Group, Inc.  On May 5, 2017, the Committee selected Fox as counsel.

## JURISDICTION

3.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

4.       By this Application, the Committee seeks to employ and retain Fox pursuant to

Bankruptcy Code sections 328(a) and 1103(a) as counsel in connection with its duties and

obligations, effective as of May 5, 2017.

## BASIS FOR RELIEF

5.       Bankruptcy Code section 328(a) provides that the Committee is authorized to

employ attorneys under Section 1103(a) with the Court's approval, provided the terms and

conditions of employment are reasonable.  *See* 11 U.S.C. §§ 328(a) and 1103(a).  Pursuant to

Bankruptcy Code section 1103(a) an attorney employed by a statutory committee may not, while

employed by such committee, represent any other entity having an adverse interest in connection

with the bankruptcy case.  To the best of the Committee's knowledge, except as disclosed herein

and in the attached Declaration of Mette H. Kurth (the "Kurth Declaration"), none of the Fox's

partners, counsel, or associates holds or represents any other entity that has adverse interest in

connection with the Debtors' cases.  Further, Fox is a "disinterested person" as defined by

Bankruptcy Code section 101(14).

6.      The Committee seeks to retain Fox as counsel because of Fox's extensive general

experience and knowledge, and in particular, its recognized expertise in the field of debtors' and

creditors' rights and business reorganization under chapter 11 of the Bankruptcy Code and its

expertise, experience, and knowledge practicing in the bankruptcy court.  The Committee believes

that Fox is both well qualified and uniquely able to represent it in this case in an efficient and

timely manner.

7.      Fox's services are necessary to enable the Committee to execute faithfully its duties

under the Bankruptcy Code.  Subject to Court approval, the professional services that Fox will be

required to render, shall include (but shall not be limited to):

   a.  Providing legal advice with respect to the Committee's powers and duties under
       Bankruptcy Code section 1102;

   b.  Assisting in the investigation of the acts, conduct, assets, liabilities, and financial
       condition of the Debtors, the operation of the Debtors' businesses, and any other
       matter relevant to this case or to the formulation of a plan of reorganization or
       liquidation;

   c.  Preparing on behalf of the Committee necessary motions, applications, answers,
       orders, reports, and other legal papers;

   d.  Reviewing, analyzing, and responding to pleadings filed in these chapter 11 cases
       and appearing before the Court to present necessary motions, applications, and
       pleadings and to otherwise protect the Committee's interests;

   e.  Representing the Committee in hearings and other judicial proceedings;

   f.  Performing any and all other legal services in connection with these chapter 11
       cases as may reasonably be required.

8.      It is necessary that the Committee employ attorneys to render the foregoing

professional services.  Fox has stated its desire and willingness to act in this case and render the necessary professional services as the Committee's attorneys.

9.      Bankruptcy Code section 328(a) authorizes the employment of a professional person on any reasonable terms and conditions of employment including on an hourly basis.  11 U.S.C. § 328(a).  Subject to this Court's approval and in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, and the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), the Committee requests that Fox be compensated on an hourly basis, and that it be reimbursed for the actual and necessary expenses that Fox incurs, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered.

10.     Fox has advised the Committee that Fox's current hourly rates range from $205 to $895 per hour for lawyers and from $135 to $385 per hour for paralegals.  These hourly rates are subject to periodic adjustment to reflect economic and other conditions.  The Committee submits that Fox's customary hourly rates in effect from time to time are reasonable.

11.     Fox has not received any retainer from the Debtors, the Committee, or any other entity in this case.

12.     Notice of this Application has been provided to: (i) the Debtors' counsel; (ii) the Office of the United States Trustee for the Southern District of New York; and (iii) all parties requesting notices pursuant to Bankruptcy Rule 2002.  The Committee submits that no other or further notice need be provided.

WHEREFORE, the Committee requests that the Court enter an order (i) granting the relief sought herein; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated:  May 24, 2017

Respectfully submitted,

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AGENT PROVOCATEUR, INC.

By: _____

Ronald Tucker, Vice President/Bankruptcy Counsel, Simon Property Group, Inc.
Solely in his capacity as Chairperson of the Committee and not in his individual capacity

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>AGENT PROVOCATEUR, INC., *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 17-10987<br>Jointly Administered |

### DECLARATION OF METTE H. KURTH IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 328(A) AND 1103(A) AND BANKRUPTCY RULES 2014(A) AND 2016(B) FOR AUTHORITY TO EMPLOY AND RETAIN FOX ROTHSCHILD LLP AS COUNSEL *NUNC PRO TUNC* TO MAY 5, 2017

Mette H. Kurth makes this Declaration pursuant to 28 U.S.C. § 1746, and states:

1.      I am a partner at Fox Rothschild LLP and am duly admitted and in good standing to practice law in the State of California.  I submit this declaration in support of the Committee's Application[1] for an order approving the employment and retention of Fox as counsel to the Committee, effective as of May 5, 2017, and to provide the disclosures required by Bankruptcy Code section 1103 and Bankruptcy Rules 2014(a) and 2016(b).

2.      Unless otherwise stated in this declaration, I have personal knowledge of the facts hereinafter set forth herein.  To the extent that any information set forth herein requires amendment or modification upon Fox's completion of further analysis or as additional creditor information becomes available to Fox—including after the Debtor files its *Schedules of Assets and Liabilities and Statement of Financial Affairs*—I or another partner with Fox will submit a supplemental declaration to the Court reflecting the same.

---

[1]    Capitalized terms not otherwise defined herein shall having the meanings ascribed to them in the *Application of the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 328(A) and 1103(A) and Bankruptcy Rules 2014(A) and 2016(B) for Authority to Employ and Retain Fox Rothschild LLP as Counsel Nunc Pro Tunc to May 5, 2017.*

### FOX'S DISCLOSURES

3.       Insofar as I have been able to ascertain, neither I, nor Fox, nor any partner of Fox, nor any attorney who is of counsel to Fox, nor any associate thereof, represents any other party in interest in these chapter 11 cases, or its attorneys or accountants, except as set forth below.  Further, Fox has no connection (as such term is used in Bankruptcy Code section 101(14)) to: (i) the Debtors' current attorneys or professionals; (ii) the United States Trustee, William K. Harrington; (iii) Serene Nakano or any other person employed in the Office of the United States Trustee; (iv) the Honorable Michael E. Wiles, the presiding bankruptcy judge in this case; (v) the Debtors' equity holders, as far as I was able to ascertain them from my review of the *Declaration of Amanda Brooks Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York* (the "Brooks Declaration"); (vi) the contemplated purchaser, Four Marketing Group and/or its affiliate Sports Direct; (vii) or the 20 largest unsecured creditors in this case, as set forth on the Debtors' Petition; nor does Fox hold any adverse interest or represent any entity having an adverse interest in connection with the Committee or its members except as disclosed herein.

4.       To the extent set forth on Exhibit A attached hereto, I, Fox, and certain of Fox's partners, counsel, and associates may currently represent, or may have previously represented, and may in the future represent, persons, entities, and their affiliates that are claimants, interest holders, other parties in interest, or professional of the Debtors (and other professionals to be retained in this case), or are or were adverse to such parties, in matters unrelated to the case (subject to paragraph 5).

5.      Fox has certain relationships with and has represented, is representing, or will represent certain creditors, other parties in interest, other professionals, and service providers in connection with unrelated matters, but has not represented (except as set forth in Exhibit A), is not representing, and will not represent any such party in connection with matters relating to these bankruptcy cases (subject to paragraph 4)

6.      Fox is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14) in that Fox, its partners, counsel and associates:

   a.  Are not creditors, equity security holders, or insiders;

   b.  Are not and were not, within 2 years before the date of the filing of the petition, directors, officers, or employees of the Debtor; and

   c.  Do not have interests materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

7.      By reason of the foregoing, I believe that Fox is eligible for employment and retention by the Committee pursuant to Bankruptcy Code section 1103(a) and the applicable Bankruptcy Rules.

8.      Fox will continue to regularly monitor and review the key parties in interest in these proceedings and it will promptly file additional and supplemental disclosure statements if it becomes aware of any conflicts or connections beyond those identified here.  In addition, although it is not possible to guarantee that each and every connection is disclosed, once the Debtor files its *Schedules of Assets and Liabilities* and *Statement of Financial Affairs*, I or another Fox partner will prepare a supplemental disclosure statement setting forth any connections that Fox becomes aware of, and it will continue to monitor and review the lists of parties in interests and it will file additional connections disclosures as may be appropriate from time to time.

## FOX'S RATES AND BILLING PRACTICES

9.      Fox intends to apply to the Court for allowance of compensation and reimbursements of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and Orders of this Court.  Listed below are the current hourly rates that Fox intends to charge the Committee per hour for the legal services of its professionals:

    d.  Attorneys: $205 to $895 per hour

    e.  Paraprofessionals: $135 to $385 per hour

The primary attorneys who will work on this matter and their respective rates are as follows: I will be lead counsel on the engagement.  My rate is $795.  Paul Labov, who is based in Fox's New York office, will be working closely with me on this matter and, to the extent possible, will cover hearings and other matters requiring personal appearances in New York.  His hourly rate is $625. L. John Bird is an associate who will be providing additional support.  His hourly rate is $405. Other attorneys and paralegals will render services to the Committee as needed.  The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

10.     The hourly rates set forth above are Fox's standard hourly rates for work of this nature.  These rates are set at a level designated to fairly compensate Fox for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is Fox's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.   The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying, printing and scanning charges, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as overtime for secretarial personnel and other staff.  Fox will charge for these expenses in a manner and at rates consistent with charges made generally to Fox's clients, subject

to any limitations imposed by the guidelines promulgated by the Office of the United States Trustee.

11.     Fox will make periodic applications to this Court for interim compensation in accordance with any interim fee procedures order entered in this case, Bankruptcy Code sections 330 and 331 and any other Orders of this Court governing such matters.

12.     No promises have been received by Fox or by any Fox partner, counsel, or associate as to payment or compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Fox has no agreement with any other entity to share with such entity any compensation received by Fox in connection with these chapter 11 cases, other than with the partners, counsel, and associates of Fox.

13.     The foregoing constitutes the statement of Fox pursuant to Bankruptcy Code sections 328(a) and 1103(a) and Bankruptcy Rules 2014(a) and 2016(b).

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  May 30, 2017

By:   */s/ Mette H. Kurth*
        Name: Mette H. Kurth

## Exhibit A

**Current or past clients or affiliates thereof of Fox Rothschild LLP in either bankruptcy or non-bankruptcy matters *unrelated* to the debtors' cases:**

- GGP Limited Partnership
- Simon Property Group Inc./Simon Properties

**Parties to whom Fox Rothschild LLP, may be currently be, or in the past may have been, adverse in matters *unrelated* to the debtors' cases**

- GGP Limited Partnership
- Brickell City Centre Retail LLC
- Simon Property Group Inc./Simon Properties
- US Customs and Border Patrol

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

AGENT PROVOCATEUR, INC., *et al.*,

Debtors.

Chapter 11
Case No. 17-10987
Jointly Administered

## ORDER GRANTING APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 328(A) AND 1103(A) AND BANKRUPTCY RULES 2014(A) AND 2016(B) FOR AUTHORITY TO EMPLOY AND RETAIN FOX ROTHSCHILD LLP AS COUNSEL *NUNC PRO TUNC* TO MAY 5, 2017

Upon the *Application of the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 328(a) and 1103(a) and Bankruptcy Rules 2014(a) and 2016(b) for Authority to Employ and Retain Fox Rothschild LLP as Counsel Nunc Pro Tunc to May 5, 2017* filed by the Committee[1] in the above-captioned bankruptcy cases; and upon the declaration of Mette H. Kurth, a partner of Fox, which is annexed to the Application; and the Court being satisfied based on the representations made in the Application and the Kurth Declaration that said attorneys hold no interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged and are disinterested persons, and that the employment of Fox is necessary and would be in the best interests of the estate; and it appearing that the Court has jurisdiction over this matter; and it appearing that due and proper notice of the Application has been given under the circumstances; and after due deliberation, and sufficient cause appearing therefor; it is hereby

**ORDERED** that the Application is granted to the extent provided herein; and it is further

**ORDERED** that, pursuant to Bankruptcy Code sections 328(a) and 1103(a), the Committee is authorized to employ and retain Fox as Committee counsel *nunc pro tunc* to May 5,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Application of the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 328(A) and 1103(A) and Bankruptcy Rules 2014(A) and 2016(B) for Authority to Employ and Retain Fox Rothschild LLP as Counsel Nunc Pro Tunc to May 5, 2017.*

2017 for the following purposes: (i) assisting the Committee in reviewing and acting upon the Debtors' motions and filings in this bankruptcy proceeding; (ii) assisting the Committee in consultations, negotiations, and all other dealings with the Debtors, creditors, equity security holders, and other parties-in-interest concerning case administration; (iii) preparing pleadings, conducting investigations, and making court appearances incidental to protecting the interests of unsecured creditors in this bankruptcy proceeding; (iv) advising the Committee of its rights, duties, and obligations under the Bankruptcy Code, the Bankruptcy Rules and Local Rules, and Orders of this Court; (v) reviewing all information pertaining to the Debtors' sale of operating assets in accordance with Bankruptcy Code section 363; (vi) assisting in the development and formulation of strategies to maximize value to the estates, including the preparation of a plan, disclosure statement, and any related documents for submission to this Court; (vii) representing the Committee in any contested matters or adversary proceedings, whether commenced by or against it, the Debtors, or the estates; (viii) assisting the Committee in claims reconciliation and distribution, including negotiating, settling, and liquidating claims and prosecuting claim objections; (ix) performing other legal services as the Committee may request and as may be necessary for their effective representation during the pendency of this bankruptcy proceeding; and (x) taking all necessary actions in the interest of the Committee incident to the proper representation of Committee in this bankruptcy proceeding; and it is further

**ORDERED** that Fox shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, and the United States Trustee Fee Guidelines (collectively, the "Fee Guidelines"); and it is further

**ORDERED** that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  New York, NY
       June__, 2017

_____
The Honorable Michael E. Wiles
United States Bankruptcy Judge

3